IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


TIMOTHY HANK JACKSON                                                    PLAINTIFF

v.                          Civil No. 4:12-cv-04023

NEVADA COUNTY SHERIFF'S
DEPARTMENT                                                              DEFENDANT


**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff, Timothy Jackson, pursuant to 42 U.S.C.

§ 1983.  Plaintiff is currently incarcerated at the Arkansas Department of Corrections Tucker Unit

in Tucker, Arkansas. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the

Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for

the purpose of making a report and recommendation.

The case is before me for preservice screening under the provisions of the Prison Litigation

Reform Act.  Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions

in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity.  28 U.S.C. § 1915A(a).

I.      **BACKGROUND**

Plaintiff originally filed his Complaint in the Eastern District of Arkansas on March 2,

2012.  ECF No. 2.  The case was properly transferred to this Court on March 13, 2012.  ECF 5.

The Court granted Plaintiff's multiple Motions to Amend Complaint on July 27, 2012 (ECF No.

15) and Plaintiff filed his Amended Complaint on August 3, 2012 (ECF No. 17).  In his Amended

Complaint, Plaintiff first alleges the events of his February 15, 2012 arrest violated his constitutional rights..  Plaintiff claims John Doe, Sheriff's Deputy from Nevada County, hit him with his police car two times while Plaintiff was fleeing on foot from the officer.  ECF No. 17, p. 5.  Plaintiff also claims that Officer Johnny Weaver of the Hope Police Department unnecessarily allowed his K-9 partner to bite Plaintiff when Officer Weaver and Drygon found Plaintiff in the woods.  ECF No. 17, pp. 5-6.  After the dog bit Plaintiff, Assistant Chief Joseph Beavers, of the Prescott Police Department, cuffed Plaintiff and put him in a Nevada County squad car driven by Wayne Kisselburg, the Nevada County Detention Center ("NCDC") Jail Administrator. Administrator Kisselburg called for paramedics while in route to the NCDC.  Once at the NCDC, Plaintiff was stripped and pictures where taken of his wounds.  Plaintiff was then taken to a local health clinic where his wounds were treated.  Plaintiff claims this conduct shows that Deputy John Doe, Officer Weaver, and Sheriff Danny Martin violated his Eighth Amendment rights.  ECF No. 17, p. 7.

Next, Plaintiff complains of conduct while he was incarcerated in the NCDC.  Plaintiff claims he was denied the use of the law library by Administrator Kisselburg and that Jailer Carol Pruitt also denied him access explaining that the jail was understaffed and no one was available to escort him to the library.  Defendant claims this conduct shows that Administrator Kisselburg and Sheriff Martin violated his Fifth Amendment rights.  ECF No. 14, p. 7.

Plaintiff also claims that he was denied outside recreation for several days and when he was given outside recreation, Jailer Ray Martin made him wear leg shackles, a belly chain and handcuffs.  ECF No. 17, p. 7.  Plaintiff filed a grievance to Administrator Kisselburg regarding this incident.  Plaintiff also claims he was denied indoor recreation.  ECF No. 17, p. 8.

Finally, Plaintiff claims that Officer Beavers "swore out an affidavit" stating Plaintiff was arrested "without incident."  Plaintiff claims this violates his Fifth, Eighth, and Fourteenth Amendment rights.

## II.    DISCUSSION

Pursuant to the screening provisions of the Prison Litigation Reform Act, I must determine whether the causes of action stated in the Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

Plaintiff claims Defendants violated his constitutional rights in both his official and individual capacities.  Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both.  In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir.1998), the Eighth Circuit Court of Appeals ("Eighth Circuit") discussed the distinction between individual and official capacity suits.  As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24–27, 112 S.Ct. at 361–62 (1991).  Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in

3

the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25–27, 112 S.Ct. at 362.

*Gorman,* 152 F.3d at 914.

Plaintiff has not proffered any facts to support a claim that a custom or policy of Nevada County, or the cities of Hope, Arkansas, or Prescott, Arkansas were the moving forces behind his claimed constitutional rights violations. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690–91 & n. 55, 694 (1978) (plaintiff seeking to impose liability on local government body under Section 1983 must show official policy or widespread custom or practice of unconstitutional conduct that caused a deprivation of constitutional rights). Even construing Plaintiff's pleadings liberally, as he is proceeding *pro se,* the Court finds no facts of a policy or custom of these three entities causing the alleged constitutional violations. Therefore, Plaintiff failed to state official capacity claims.

Additionally, Plaintiff has failed to allege facts to support any individual capacity claims against Sheriff Martin. A claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell,* 436 U.S. at 694. "[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes,* 21 F.3d 277, 280 (8th Cir. 1994); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability"). In other words, Sheriff Martin cannot be held liable merely because he supervises the individuals allegedly responsible for violating Plaintiff's constitutional rights. *Id.; see also Mark v. Nix,* 983 F.2d 138, 139–40 (8th Cir. 1993) (Section 1983 liability requires some personal involvement or responsibility). There are no

4

allegations or facts on the record that show Sheriff Martin was personally involved in any way in the events complained of by Plaintiff.  Plaintiff bases his claims against Sheriff Martin solely on his position as Sheriff of Nevada County.  This is insufficient to state a claim under section 1983. Therefore, Plaintiff failed to state an individual capacity claim against Sheriff Martin.

## III.    CONCLUSION

Accordingly, I recommend Plaintiff's official capacity claims against all Defendants and his individual capacity claims against Defendant Sheriff Danny Martin be **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a).  The Court will direct service for Defendants, Johnny Weaver, Wayne Kissleberg, Joseph Beavers, Carol Pruitt, Ray Martin, and John Doe by separate order.

**The Plaintiff has fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **29th day of November 2012.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE