IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TIMOTHY HANK JACKSON                                                                    PLAINTIFF

              v.                        Civil No. 4:12-cv-04023

JOSEPH BEAVERS; CAROL
PRUITT; JOHNNY WEAVER;
WAYNE KISSELBURG;
RAY MARTIN; and
DEPUTY MISSY                                                                            DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

        Plaintiff Timothy Jackson filed this case *pro se* pursuant to 42 U.S.C. § 1983 on March

2, 2012.  ECF No. 2.  Now before the Court is Plaintiff's failure to comply with the Court's orders

and prosecute this case.

        Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan

O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of

making a Report and Recommendation.  After careful consideration, the undersigned makes the

following Report and Recommendation.

**I.       BACKGROUND**

        Plaintiff originally filed his Complaint in the Eastern District of Arkansas on March 2,

2012.  ECF No. 2.  The case was properly transferred to this Court on March 13, 2012.  ECF No.

5.  The Court granted Plaintiff's multiple Motions to Amend Complaint on July 27, 2012 (ECF

No. 15) and Plaintiff filed his Amended Complaint on August 3, 2012 (ECF No. 17).  In his

Amended Complaint, Plaintiff claims excessive force was used against him during his arrest and

1

he was denied outside recreation at the Nevada County Detention Center.[1]  ECF No. 17, pp. 5, 8.

On October 16, 2012, the Court issued an Amended Scheduling Order directing Plaintiff to submit his witness and exhibit list to the Court by March 11, 2014.  ECF No. 78.  On February 25, 2014, the Court also sent Plaintiff a letter reminding him that his witness and exhibit lists were due by March 11, 2014.  In this letter, the Court advised Plaintiff that the Court could not issue witness subpoenas for the upcoming hearing without his witness list.  This letter was sent to Plaintiff's address of record and was not returned to the Court as undeliverable mail.  Plaintiff did not respond to the Amended Scheduling Order with his witness and exhibit list by March 11, 2014.

On March 18, 2014, the Court issued an Order to Show Cause directing Plaintiff to show cause whey he failed to respond to the Amended Scheduling Order and to submit his witness and exhibit list.  In this Order, the Court advised Plaintiff that failure to respond would result in the cancellation of the scheduled hearing and subject this matter to dismissal.  ECF No. 88.  The Order was sent to Plaintiff's address of record and was not returned to the Court as undeliverable mail.  Plaintiff failed to respond to the Order to Show Cause and has not submitted a witness or exhibit list as of the date of this Report and Recommendation.

**APPLICABLE LAW**

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor

---

[1] Plaintiff made additional claims in his Amended Complaint but those claims were dismissed at summary judgment.  ECF No. 85.

the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'"  *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).  Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000).  The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily."  *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

## III.    DISCUSSION

Plaintiff has failed to comply with two Court orders—the Court's Amended Scheduling Order and Order to Show Cause.  Further, Plaintiff has not communicated with the Court in this matter since October 30, 2013.

Even though the Court's Orders sent to Plaintiff at his address of record were not returned

as undeliverable, the Court cannot find a clear record of delay or contumacious conduct by the plaintiff.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) the Court recommends Plaintiff's Complaint be dismissed without prejudice.

Accordingly, Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this action.  *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

## IV.   CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Amended Complaint (ECF No. 17) be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Local Rules and the Court's Orders, and failed to prosecute this action.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 3rd day of April 2014.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

4